IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


MICH AUREL, #317239                           *
     Plaintiff
     v.                                    *        CIVIL ACTION NO. ELH-17-3695

MAHBOOD ASHRAF, MD                            *
HOLLY L. PIERCE, CRNP
WEXFORD HEALTH SOURCES, INC.                  *
TRAVIS BARNHART, LPN
KRISTA BILAK, RNP                             *
WILLIAM BEEMAN, RN
COLIN OTTEY, MD                               *
ROBUSTIANO BARRERA, MD
STACY MAST, RN                                *
BREA, RN
CRISTY MED. TECH.                             *
APRIL MED. TECH.
DR. AVA JOUBERT                               *
OLIVIA PYLES, *Medical Records Supervisor*
     Defendants.                           *
                             ******

**MEMORANDUM**

On December 14, 2017, the court received a prisoner civil rights action (ECF 1), along with

exhibits (ECF 1-2) and a motion for leave to proceed in forma pauperis (ECF 2), filed by Mich

Aurel,[1] an inmate confined at the North Branch Correctional Institution ("NBCI"). Aurel alleges

that since 2009, medical personnel are "killing" him by failing to provide him with medical

treatment and medications for his positive Hepatitis A and B conditions, liver and kidney failure,

throat, colon, liver and thyroid cancers, as well as back and hip pain from a fall from his bunk in

---

[1] The Maryland Department of Public Safety and Correctional Services ("DPSCS") lists
plaintiff as Mich Aurel on its "inmate locator" website. Although plaintiff was prosecuted as
Aurel Mich in the Maryland courts, I will refer to him per the DPSCS designation of Mich Aurel.

March of 2016. ECF 1 at 3-6.[2]   He seeks $20,000,000,000.00 in compensatory and punitive

damages. *Id.* at 7.

This case represents one of thirty-nine actions Aurel has filed in this court over the past five

years. [3]   In three of those cases Aurel was granted leave to proceed in forma pauperis, pursuant to

the provisions of 28 U.S.C. § 1915(a).  Those cases were dismissed as frivolous or for the failure to

---

[2] All page citations refer to the electronic pagination that appears through CM/ECF.

[3] In addition to this action, Aurel has filed thirty-eight prior cases in this court, all but four of which have been assigned to me.  They are *Aurel v. United States.*, Civil Action No. JKB-11-1297 (D. Md.); *Aurel v. Wexford*, Civil Action No. ELH-13-3721 (D. Md.); *Aurel v. Jefferson, et al.*, Civil Action No. ELH-14-352 (D. Md.); *Aurel v. Shearin, et al.*, Civil Action No. ELH-14-374 (D. Md.); *Aurel v. Jessup Correctional Institution Mail Room,* Civil Action No. ELH-14-958 (D. Md.); *Mich v. Nice, et al.*, Civil Action No. JKB-14-1397 (D. Md.); *Aurel v. North Branch Correctional Institution, et al.*, ELH-14-3036 (D. Md.); *Mich v. Yacenech, et al.*, Civil Action No. JKB-14-1473 (D. Md.); *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No.  ELH-15-1797 (D. Md.); *Aurel v. Pennington, et al.,* Civil Action No. JKB-14-1859 (D. Md.); *Aurel v. Mail Room at North Branch Correctional Institution, et al.*, ELH-14-2813 (D. Md.); *Aurel v. Warden*, ELH-15-258 (D. Md.); *Aurel v. Warden*, ELH-15-1127 (D. Md.); *Aurel v. Warden.*, ELH-15-1128 (D. Md.); *Aurel v. Miller, et al.*, ELH-15-1422 (D. Md.); *Aurel v. Kammauf, et al.*, ELH-15-1581 (D. Md.); *Aurel v. Gainer, et  al.*, ELH-15-1750 (D. Md.); *Aurel v. Twigg*, ELH-15-1920 (D. Md.); *Aurel v. Jones, et al.*, ELH-15-1928 (D. Md.); *Aurel v. Rose.*, ELH-15-2604 (D. Md.); *Aurel v. Thrasher*, ELH-15-3142 (D. Md.); *Aurel v. Sawyers, et al.*, Civil Action No. ELH-16-280 (D. Md.);  *Aurel v. North Branch Correctional Institution, et al.*, Civil Action No. ELH-16-850 (D. Md.); *Aurel v. North Branch Correctional Institution, et al.*, Civil Action No. ELH-16-851 (D. Md.); *Aurel v. Wexford Health Sources, et al.*, Civil Action No. ELH-16-1293 (D. Md.); *Aurel v. Warden*, Civil Action No. ELH-16-1494 (D. Md.); *Aurel v. Nines*, Civil Action No. ELH-16-1839 (D. Md.); *Aurel v. Fornay, et al.*, Civil Action No. ELH-16-2941 (D. Md.); *Aurel v. Nines, et al.*, Civil Action No. ELH-16-2942 (D. Md.); *Aurel v. Bohrer*, Civil Action No. ELH-16-3858; *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No.  ELH-17-335 (D. Md.); *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No.  ELH-17-336 (D. Md.); *Aurel v. Wexford, et al.*, Civil Action No. ELH-17-1201 (D. Md.); *Aurel v. United States of America/Maryland State*, Civil Action No. ELH-17-1230 (D. Md.): *Aurel v. United States of America, et al.*, Civil Action No. ELH-17-2158 (D. Md.); *Aurel v. Kammauf, et al.*, Civil Action No. ELH-17-3137 (D. Md.); *Aurel v. Hammons, et al.*, Civil Action No. ELH-17-3138 (D. Md.); *Aurel v. Zies, et al.*, Civil Action No. ELH-17-3520; and *Aurel v. Talley*, et al., Civil Action No. ELH-17-3624 (D. Md.).

state a claim.  He was notified that the dismissals constituted "strikes" under § 1915(e),[4] and that a

prisoner is not allowed to bring a civil action under the provisions of 28 U.S.C. § 1915 if he "has, on

3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a

court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to

state a claim upon which relief may be granted, unless the prisoner is under imminent danger of

serious physical injury."  28 U.S.C. § 1915(g).[5]

Because Aurel has had three cases previously dismissed under 28 U.S.C. § 1915(g), he

may not procced in this action unless he (1) submits the full $400.00 civil filing fee or (2) moves

to proceed in forma pauperis and provides particularized factual allegations establishing that he

is subject to imminent danger of serious physical injury.

Where, as here, Aurel claims that his serious medical conditions are not being addressed,

the court must thoroughly review his allegations under the § 1915(g) exception.  However, his

claims do not exist in a vacuum.  In a previous civil rights case, Aurel raised similar claims

regarding the denial of medical care for "catastrophic injuries" sustained from the March 2016

fall from his bunk.  *See Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-16-

---

[4] *See Mich v. Nice, et al*., Civil Action No. JKB-14-1397 (D. Md.); *Aurel v. Gainer, et al.*, ELH-15-1750 (D. Md.);  and *Aurel v. Jones, et al.*, ELH-15-1928 (D. Md.).

[5] Specifically, §1915(g) mandates:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1293. (D. Md.). And, he raised identical claims regarding his abdominal issues, constipation, positive occult blood samples, and liver disease (including hepatitis concerns) in several earlier cases: *Aurel v. Wexford*, Civil Action No. ELH-13-3721 (D. Md.); *Aurel v. Warden , et al.*, Civil Action No. 15-1127 (D. Md.); and *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-15-1797 (D. Md.). Finally, as recently as 2017, Aurel complained that that he was being denied medical treatment for his multiple conditions, and his claims were allowed to proceed as to allegations regarding his thyroid, ear, throat, tongue, and neck conditions. *See Aurel v. Wexford, et al.*, Civil Action No. ELH-17-1201 (D. Md.). The aforementioned medical issues were fully briefed throughout 2014 to 2017. The court examined Aurel's claims and granted judgment in favor of the medical defendants as to each of his cases, and as recently as January of 2018.

Because Aurel's medical claims have been addressed and determined to be without merit in his earlier cases, the court concludes that his conditions as alleged herein do not meet the exception to § 1915(g). Aurel is barred from rehashing claims involving non-existent conditions. He is cautioned that should he attempt to file future civil rights actions in this court, they must be accompanied by the civil filing fee, unless they contain substantive allegations that he is in imminent danger of serious physical harm.

Accordingly, Aurel's motion to proceed in forma pauperis shall be denied and his complaint shall be dismissed, without prejudice, by separate Order.


Date:  February 1, 2018                     ____/s/_____
                                            Ellen L. Hollander
                                            United States District Judge
                                                       4